

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2005

# Haeseker v. Reynolds

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2749

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Haeseker v. Reynolds" (2005). *2005 Decisions.* Paper 1350.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1350

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2749

RICHARD C. HAESEKER,
                    Appellant

v.

MARTIN REYNOLDS; JOHN BOHRMAN;
POCONO MOUNTAIN REGIONAL POLICE;
MARK PAZCHANICH; MONROE COUNTY
DISTRICT ATTORNEY; ELLEN C. SCHURDAK;
ROBERT C. TRICHILO

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 02-cv-00724)
District Judge:  Honorable John E. Jones, III

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2005

Before:  NYGAARD, McKEE and RENDELL, Circuit Judges.

(Filed:  April 15, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

       Richard C. Haeseker appeals the denial of a motion for post-trial relief after an

unsuccessful jury trial. On appeal, Haeseker asserts the District Court erred in various evidentiary rulings and for failing to admonish opposing counsel's conduct. Because the District Court did not abuse its discretion in its evidentiary ruling and we find persuasive its analysis in denying Haeseker a new trial, we will affirm the denial of the motion.

As the parties are familiar with the facts, we will recite only those necessary to our determination. Haeseker brought a claim for a violation of 42 U.S.C. § 1983 alleging that Pocono Mountain Regional Police Officer Martin Reynolds and John Bohrman violated his First, Fourth and Fourteenth Amendment rights, as well as his rights under Pennsylvania state law. During trial, testimony from Officer Kenneth Gaust concerning an incident on March 26, 2000 was introduced into evidence.[1] Also, videotaped testimony of Kaylin Sanders, which was previously reviewed by both parties for objectionable testimony, was introduced into evidence. During the presentation of the video to the jury, Haeseker objected to a section to which he had not originally objected. After an unsuccessful jury trial, Haeseker filed a motion for post-trial relief requesting that the District Court vacate the jury's verdict and grant him a new trial. The District

---

[1]Initially, Haeseker objected to the introduction of the officer's March 26, 2000 incident report during the Plaintiff's case-in-chief on the grounds that the report had not been provided during the course of discovery. The District Court sustained the objection. The District Court did, however, allow Defense counsel to call Officer Gaust as a witness during the Defendant's case because Haeseker put at issue the effect that the March 26, 2000 incident has had on his feelings towards law enforcement. Haeseker had the report several days prior to Officer Gaust testifying and had the opportunity to cross-examine the witness.

Court denied the motion. Haeseker now objects to the admission of Gaust's testimony, the playing of part of the videotape of Sanders, opposing counsel's conduct and certain aspects of the jury charge.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review evidentiary admissions of the trial court and motions for a new trial for an abuse of discretion. *See Threadgill v. Armstrong World Industries, Inc.*, 928 F.2d 1366, 1370 (3d Cir. 1991); *Williamson v. Conrail*, 926 F.2d 1344, 1353 (3d Cir. 1991). However, where there is no objection to an evidentiary ruling, we review only for plain error. *See Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995).

Haeseker contends that the District Court erred in failing to admonish opposing counsel for his conduct during his closing argument and in failing to give a cautionary instruction to the jury regarding this conduct. Haeseker failed to raise any objection as to opposing counsel's conduct or to the absence of such jury charge, and we find no plain error in the District Court's conduct in this regard.

With respect to the testimony of Gaust and Sanders, Haeseker contends on appeal a new trial should have been granted because the testimony of Gaust and Sanders was improper and prejudicial. However, with respect to Officer Gaust's testimony, Haeseker's counsel admitted that he could testify to the incident stating, "I think he could be asked about his--what he perceived on the date of the incident that he's going to testify

3

to, but I don't believe that he should be referencing that portion of this document that's never been provided." Thus, Haeseker admitted that Officer Gaust could testify about the incident, he had an opportunity to cross-examine Gaust, and the issue of unfair surprise was resolved by the fact that Haeseker had several days to review the report prior to Gaust's testimony. Haeseker objected to the incident report, but failed to object to Gaust's testimony. There was no plain error. The District Court was clearly within its discretion to admit the testimony. Haeseker is not entitled to a new trial on these grounds.

Haeseker's next contention is that the District Court erred in allowing the videotaped testimony of Kaylin Sanders. This argument is without merit. Prior to the admission of her testimony, both parties reviewed the tape and transcript to excise objectionable testimony. Counsel for both parties acknowledged that this had been accomplished and agreed upon. Haeseker's objection was made after the tape was reviewed and while it was being played for the jury. The objection was to a section that had not been marked for redaction and was untimely. Because the objection was untimely and the testimony was not so prejudicial as to cause a miscarriage of justice, the District Court did not abuse its discretion in permitting Kaylin Sanders' testimony.

Accordingly, we will AFFIRM the District Court's denial of the motion for a new trial.